IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEVEN HADLEY HASSAN,

   Petitioner,

v.

UNITED STATES SENTENCING
COMMISSION,

   Respondent.

Civil Action No.: MJM-24-1486

**MEMORANDUM**

Self-represented petitioner Steven Hadley Hassan, who is currently incarcerated at the Federal Correctional Institution in Marianna, Florida, filed the above-captioned Petition for Writ of Habeas Corpus on June 3, 2024. ECF No. 1. The Court directed him to show cause as to why his Petition should not be dismissed as a successive motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. ECF No. 3. Hassan filed his response on September 16, 2024. ECF No. 4. For the reasons discussed below, the Petition must be dismissed.[1]

The Petition challenges Hassan's sentence requiring him to serve a lifetime of supervised release following the completion of his term of incarceration. ECF No. 1. Hassan pleaded guilty to multiple child pornography offenses in this Court. *See United States v. Hassan*, Crim. Case No. PWG-18-330 (D. Md. 2019). Having already had a Motion to Vacate denied, *id.* at ECF No. 78, and having failed to raise his supervised release challenge, Hassan was directed to show cause why his Petition should not be dismissed as a successive motion to vacate. ECF No. 3 at 1–2.

---

[1] Hassan neither paid the $5.00 filing fee nor did he file a motion to proceed in forma pauperis seeking its waiver. He will not be required to correct this deficiency as the Petition will be dismissed.

In his response, Hassan asserts that he did not file his Petition pursuant to 28 U.S.C. § 2241 but rather is seeking relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. ECF No. 4 at 1. Specifically, he seeks a declaration that the Sentencing Guidelines Policy Statement § 5D1.2(b)(2) violates his rights under the Fifth Amendment Equal Protection Clause. *Id.* at 2. Hassan acknowledges that it would have been "ideal (and prudent)" to raise his claim in his § 2255 motion, but because he failed to do so, he lost the opportunity for direct relief. *Id.* Moreover, he accepts that the savings clause exception allowing a petitioner to seek collateral relief through a § 2241 petition is not available to him. *Id.* at 1–2; *see Jones v. Hendrix*, 599 U.S. 465 (2023).

Even though Hassan insists that he does not seek habeas relief, the substance of his Petition, which challenges the constitutionality of his federal sentence, is the province of a § 2255 motion. Hassan cannot dodge the procedural requirements for filing a successive § 2255 motion just by entitling his pleading in a different manner. *See Calderon v. Thompson*, 523 U.S. 538, 553 (1998) (regardless of the title assigned by the litigant, the subject matter of the motion determines its status). Accordingly, the Petition will be dismissed without prejudice. The Court need not provide further notice that the Petition will be construed as such because this was not Hassan's first § 2255 motion challenging this judgment and there is no notice requirement for successive petitions. *See Castro v. United States*, 540 U.S. 375, 383 (2003) (requiring notice to pro se litigant when a petition is construed as a first § 2255 motion).

If Hassan seeks to pursue this claim, he must first obtain the proper certification from the Fourth Circuit Court of Appeals pursuant to 28 U.S.C. § 2255(h).[2] Hassan will be provided with

---

[2] Under 28 U.S.C. § 2255(h):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the

a packet of instructions, provided by the Fourth Circuit, which must be followed if he wants authorization to file a successive motion to vacate. After writing the motion asking for authorization, Hassan must file it with the Fourth Circuit Court of Appeals. Then, he may file a successive Motion to Vacate only if the Fourth Circuit grants his motion.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of their petition absent issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or . . . the final order in a proceeding under section 2255."). A certificate of appealability must be considered in this case because the Petition is actually a Motion to Vacate pursuant to 28 U.S.C. § 2255.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Hassan fails to meet this standard, and the Court declines to issue a certificate of appealability. Hassan may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

---

offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

A separate Order follows.

| | |
|---|---|
| __12/9/24__ | _____/S/_____ |
| Date | Matthew J. Maddox |
| | United States District Judge |